HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN M. and CRYSTAL N. BURTON, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO. 14-CV-5355<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Dkt. #10]. The Burtons sued Wells Fargo in Thurston County Superior Court for allegedly violating Washington's Foreclosure Fairness Act and the Washington Consumer Protection Act by failing to mediate in good faith during the statutory foreclosure mediation process. The Complaint seeks actual damages, treble damages pursuant to the CPA, and attorney's fees, but does not state a precise dollar amount. Wells Fargo timely removed, asserting diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. It points to the Burton's settlement demand of $80,000 in compensatory damages plus $20,000 in attorney's fees as evidence that the $75,000 amount in controversy has been met. The Burtons concede diversity between the parties but argue that the amount in controversy has not been met because the settlement demand was overinflated in

anticipation of a low-ball offer from Wells Fargo, and thus not an accurate measure of their damages.

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. Where the amount of damages sought by a plaintiff is unclear, defendant must present facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) (citation omitted); 28 U.S.C. § 1332(a). Thus, defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez,* 102 F.3d at 404. Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus*, 980 F.2d at 566. A settlement letter that reasonably reflects an estimate of a plaintiff's claim is relevant evidence in determining the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Wells Fargo primarily relies on the $100,000[1] settlement letter to demonstrate that the amount in controversy requirement has been satisfied. It has presented additional evidence demonstrating that the value of the property at issue is $114,200, and the outstanding balance on the Burton's loan is $238,784.01. The Burtons have not offered any evidence to demonstrate that the true amount in controversy is under $75,000; they merely contend that damages are "well below the $75,000 threshold." Since each of the values in evidence exceeds $75,000, Wells

---

[1] This amount includes the $80,000 damage request plus the $20,000 in attorney's fees.

1  Fargo has met its burden of showing that it is more likely than not that the amount in controversy

2  is over $75,000. Plaintiffs' Motion for remand is **DENIED**.

3  IT IS SO ORDERED.

4  Dated this 21st day of July, 2014.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE